CLD-093                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3944
_____

IN RE:  AMIN A. RASHID,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. Action No. 2-08-cr-00493-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 22, 2015
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: January 13, 2016)
_____

OPINION*
_____

PER CURIAM

Amin Rashid, a federal prisoner proceeding pro se, has filed a petition for a writ of

mandamus compelling the District Court to adjudicate his motion to dismiss his

indictment.  For the reasons that follow, we will deny the mandamus petition.

In 2011, Rashid was convicted after a jury trial in federal court of nine counts of

mail fraud and eight counts of aggravated identity theft.  In 2013, he was sentenced to a

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

total of 240 months in prison. We affirmed the judgment on direct appeal. United States v. Rashid, 593 F. App'x 132 (3d Cir. 2014) (non-precedential).

On March 3, 2015, Rashid filed a motion in District Court to vacate his conviction and sentence and dismiss his indictment. Rashid stated that he brought his motion pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). Rashid filed supplemental memoranda in support of his motion and the District Court ordered the Government to file a response by July 21, 2015. The Government filed a response on that date and Rashid filed a reply on August 10, 2015. Rashid's motion remains pending. On December 15, 2015, Rashid filed the present mandamus petition asking us to compel the District Court to rule on his motion.

The writ of mandamus is a drastic remedy that traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the issuance of the writ is clear and indisputable. Id. at 141. A writ of mandamus may be appropriate when a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). However, mandamus relief will ordinarily be denied "where there are practical avenues for seeking relief that are untried." Patenaude, 210 F.3d at 141.

2

Rashid has not shown that he has no other adequate means to attain his desired relief. He has not filed a motion in District Court asking for a ruling on his pending motion.[1] Because Rashid has yet to try an avenue for seeking relief, issuance of a writ is not warranted. To the extent Rashid asks us to consider the merits of his pending motion, the District Court must address the motion in the first instance.

Accordingly, we will deny the petition for a writ of mandamus without prejudice to Rashid filing a new mandamus petition if necessary.

---

[1]Rashid states in his petition that he filed a "motion for an expedited disposition," Pet. at 7, but that motion sought a ruling in a habeas action brought by Rashid for relief pursuant to 28 U.S.C. § 2241. See Rashid v. Ortiz, E.D. Pa. Civ. No. 15-cv-00274.